UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE L. MEILLER, | Case No. 1:24-cv-00463-AKB |
| Plaintiff, | **INITIAL REVIEW ORDER BY** |
| v. | **SCREENING JUDGE** |
| FEDERAL BUREAU OF INVESTIGATION, BOISE OFFICE; ATTORNEY GENERAL OF BOISE, ID, ET. AL., | |
| Defendants. | |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Brandie Meiller's In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time, this Court must review Meiller's request to determine whether she is entitled to proceed in forma pauperis. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Meiller's complaint to ensure it meets minimum required standards. *See* 18 U.S.C. § 1915(e)(2).

For the reasons below, the Court grants Meiller's In Forma Pauperis Application, dismisses her Complaint for failure to establish jurisdiction with this Court, dismisses the remaining motions as moot, and grants Meiller leave to amend her complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## II.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and that indicates she is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court grants Meiller's application to proceed in forma pauperis. The application is sufficiently particular by specifying income, sources of income and support, expenses, and dependents; although, the affidavit omits any cash on hand, value of any other assets, and employment history. Meiller reports that her income from disability and other public assistance totals $1140 a month and an additional $1 to $200 a month from a county courthouse "when it's paid." (Dkt. 1 at p. 2). Her reported expenses total a minimum of $2100, including $800 in rent or expenses, food costs between $300 to $400 a month, $1 to $200 in home maintenance, and $1000 in monthly transportation costs. (Dkt. 1 at p. 4). Meiller also states that she owes an indeterminate amount of money from her acquaintances and explains difficulty with being able to pay future rent

costs. (Dkt. 1 at p. 4-5). Meiller also notes dependents who rely on her for support. (Dkt. 1 at p. 5).

Lastly, Meiller writes that she will personally pay for all costs related to the litigation. (Dkt. 1 at p. 5).

This information, alone, would likely warrant granting Meiller's In Forma Pauperis Application. The Court notes, however, that on the same day Meiller filed her In Forma Pauperis Application with this Court, she also filed one before Idaho District Judge Winmill. *Compare Meiller v. Attorney General of Idaho*, et al, Case No. 1:24-CV-00462-BLW, Dkt. 1, *with* 1:24-cv-463-AKB, Dkt 1. The information contained in that application is materially different.

The affidavit filed in Case No. 1:24-CV-00462 admits to income of $940 per month in disability, $200 per month in food assistance, and "other" in the amount of $100-200 per month. Before this case, Meiller identifies only $1000 per month in disability while omitting the remainder. In Case No. 1:24-CV-00462, Meiller identifies several hundred dollars in the bank; before this Court she identifies none. In Case No. 1:24-CV-00462, she identifies, at most, $1300 per month in expenses; before this Court, she identifies at least $2100.

Notably, the Court finds these discrepancies concerning, especially given the consecutive case numbers and having been filed the same day. Nonetheless, the Court also notes that the affidavit presented in this matter is dated October 4, 2024, while the affidavit in Case No. 1:24-CV-00462 is dated October 2, 2024. At this point, the Court cannot find that the application before it was untruthful, and allows Meiller the benefit of the doubt on that issue. 28 U.S.C. § 1915(e)(2)(A). By the same token, the Court does find that Meiller's affidavit is also a close call regarding whether it is sufficiently definite and certain. Yet, as noted in the decision on Meiller's application in Case No. 1:24-CV-00462-BLW, Dkt. 8, it appears Meiller more likely

misunderstood the form than intended to misrepresent her financial condition. Meiller's application is granted.

## III.    SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Crotts v. Cnty. of Los Angeles*, 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished table opinion) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed.") (citing *Lopez v. Dep't of Health Servs*, 939 F.2d 881, 882-83) (9th Cir. 1991) (per curiam). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Meiller names the Federal Bureau of Investigation ("FBI") Boise office and the Idaho Attorney General's Investigations office as Defendants in this lawsuit. (Dkt. 2). Construing the Complaint liberally, Meiller claims that the FBI Boise office and the Idaho Attorney General office failed to investigate and failed to prosecute crimes of kidnappings, involuntary "druggings," and

rape. (Dkt. 2 at p. 4). Meiller alleges that the FBI and Attorney General of Idaho have failed to investigate and failed to prosecute even though they had access to "over 25,000 documents, records, and evidence[.]" (Dkt. 2 at p. 3). Meiller does not provide any federal statutes or provisions of the United States Constitution that would support her claims. (Dkt. 2 at p. 3). Meiller does, however, attach a number of public records requests to the City of Boise and subsequent denials of those records requests as exhibits. (Dkt. 2 at p. 6-14).

The Court finds two issues with Meiller's Complaint. First, Meiller has failed to establish jurisdiction with this Court. This Court has limited jurisdiction and can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). Generally, a cause of action must arise under federal law for federal question jurisdiction to exist. 28 U.S.C. § 1331. Federal diversity jurisdiction requires an amount in controversy exceeding $75,000, exclusive of interest and costs, and that the plaintiff and the defendant(s) be citizens of different states. 28 U.S.C. § 1332(a)-(a)(1). Meiller alleges that her claims involve a federal question as the basis for jurisdiction. (Dkt. 2 at p. 3).

Meiller does not properly identify a statutory cause of action in which Congress has provided waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Additionally, the Eleventh Amendment bars the jurisdiction of a federal court for a suit brought by a citizen against a state in federal court without a clear waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (providing that the jurisdictional bar of the Eleventh Amendment "applies regardless of the nature of the relief

sought."). Thus, this Court does not have jurisdiction to adjudicate a dispute against either Defendant named in this lawsuit without an applicable waiver, and Meiller discusses none in her Complaint.

Second, the Court finds that Meiller has not pleaded a viable claim for relief. To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This standard means "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556.

"The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." *Gini v. Las Vegas Metro. Police Dep't.*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney v. Winnebago Cnty.*, 489 U.S. 189, 195-96 (1989); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Wimer v. State*, 841 P.2d 453, 455 (Idaho Ct. App. 1992) (holding that Idaho does not recognize a

cause of action for negligent investigation). The Complaint does not clearly state any other claim. It is well established that a failure to investigate is not a viable claim for relief if there are no other constitutional rights involved.

To the extent that there are any cognizable claims arising from the allegations in Meiller's Complaint, neither the United States nor the Idaho Attorney General are proper Defendants. Moreover, the allegations listed in Meiller's Complaint lack any arguable basis in law under any theory, the facts in the Complaint, or attached exhibits. For the reasons detailed above, Meiller's claims against these Defendants will be dismissed with prejudice. Because amendment would be futile, leave to amend will not be granted.

## IV.    REMAINING MOTIONS

In addition to the In Forma Pauperis Application and Complaint, Meiller has filed three subsequent motions: (1) Motion for Protective Order and Release from Custody (Dkt. 4); (2) Petition for an Emergency Injunction (Dkt. 5); and (3) Petition Begging for Relief. (Dkt. 6). For the reasons discussed below, all three motions are denied as moot.

Moreover, the remaining motions discuss claims that were not raised in the initial Complaint. There is no clear connection between the claims regarding a failure to investigate and the other numerous matters brought up in the subsequent motions. It is difficult to understand who Meiller is suing and for what actions. But the allegations, liberally construed, can be best articulated as: (1) obtaining release from a hospital; (2) enforcing records requests; and (3) misconduct by law enforcement. These claims are independent from those articulated in the Complaint and are addressed to different defendants. Under the Federal Rules of Civil Procedure, Meiller must bring these claims against the other defendants in a separate lawsuit assuming they

were not already moot. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at *1 (9th Cir. Mar. 25, 2024) (holding that the district court properly declined joining a party where the claims "do not seek liability 'jointly, severally, or in the alternative' against [defendant] and do not arise out of the same 'transaction' or 'occurrence' as the claims [plaintiff] initially stated."); *Trost v. Nevada Bd of Prison Comm'n*, No. 3:22-cv-00214-ART-CSD, 2022 WL 1748397, at *2 ("This rule is not only intended to avoid confusion . . . but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.").

## V.    CONCLUSION

The Court grants Meiller's in forma pauperis application because it is sufficiently particular. The Court finds, however, that Meiller's Complaint is deficient because it does not establish jurisdiction with this Court, and she is given leave to amend her complaint within forty five days of the date of this order. The remaining motions are dismissed as moot.

## VI.    ORDER

**IT IS ORDERED that:**

1.      Meiller's In Forma Pauperis Application (Dkt. 1) is **GRANTED**.

2.      Meiller's Complaint (Dkt. 2) is deficient because it fails to establish federal jurisdiction and fails to state a claim upon which relief may be granted. The Complaint is therefore **DISMISSED with prejudice** as any amendment would be futile.

3.    Meiller's pending motions (Dkts. 4, 5, and 6) are **DENIED as moot**.


DATED: December 19, 2024

Amanda K. Brailsford
U.S. District Court Judge